# IN THE SUPERIOR COURT OF GUAM

MARYLOU S. GOGO, individually and on behalf of all those similarly situated,

                   Petitioner,

vs.

LOURDES PEREZ, et al., and the GOVERNMENT OF GUAM,

                   Respondents.

SPECIAL PROCEEDINGS NO. SP0197-10

DECISION AND ORDER
FOR DISMISSAL

On December 2, 2011, this matter came on regularly for hearing before the HONORABLE JUDGE ELIZABETH BARRETT-ANDERSON on (1) Motion to Dismiss filed by Respondent the Guam Visitor's Bureau (hereinafter "GVB"), (2) Motion for Judgment on the Pleadings filed by Respondent University of Guam, (hereinafter "UOG"), and (3)[1] Motion for Judgment on the Pleadings filed by Respondent the Guam Economic Development Authority (hereinafter "GEDA"). Also joining in GVB's Motion are all remaining Respondents and the Government of Guam[2]. Appearing on the Motions to Dismiss were: Attorney Thomas J. Fisher representing GVB; Attorney Randall T. Thompson representing UOG; Attorney Janalyn Damian representing GEDA; Assistant Attorney General Marianne Woloschuk, representing the Government of Guam, Department of Administration ("DOA"), the Guam Airport Authority, the Guam Memorial Hospital, the Guam Power Authority, Guam Waterworks Authority, the Guam Department of Education, Guam Community College (hereinafter collectively the "Government of Guam"); Attorney Cynthia Ecube representing Guam Housing Corporation (hereinafter "GHC"); and Attorney Mark Smith representing the Guam Housing and Urban Renewal Authority (hereinafter "GHURA"). Appearing and on behalf of Petitioner (hereinafter

---

[1] All three (3) motions heard will be referred to as "Motions to Dismiss" for sake of ease.
[2] *See* Notice of Joinder by Respondents Manglona, Torres, Leon Guerrero, Vega, Flores, Benavente, Taitano, Okada & the Gov. of Guam in Mots. to Dismiss & For J. on the Pleadings (Sep. 8, 2011).

referred to as "Gogo") were Attorneys Michael Phillips and Ricardo D. Bordallo. Based on the arguments and briefs herein filed the Court **GRANTS** all Motions to Dismiss this matter.

**PROCEDURAL AND FACTUAL BACKGROUND**

On October 4, 2010, Gogo filed this Petition for Peremptory Writ of Mandate ("Petition") seeking to compel the Department of Administration to implement and enforce Section 6203 of the Uniform Position Classification and Salary Administration Act of 1991 (hereinafter the "Act"). 4 Guam Code Annotated §§ 6101 *et. seq.* The Act mandates that superior performance by a classified employee shall be rewarded by a lump sum bonus based on an amount equal to three and one-half percent (3.5%) of the employee's base salary. 4 GCA § 6203. According to Gogo, she received multiple superior ratings in the course of her incremental evaluations for the periods between 2008 and 2010. The Petition further seeks to have this Court certify the existence of a class of similarly situated claimants.

On October 27, 2010, Petitioner moved to disqualify Judge Alberto C. Lamorena III from the case based on a Notice of Disqualifying Facts filed by the Judge notifying all parties of his relationship to the then Director of the Bureau of Statistic and Planning, the agency where Gogo is employed. On March 15, 2011, this case was assigned to this Court, and a Scheduling Conference was set for May 4, 2011. Answers were filed by Respondents as follows: UOG's Answer was filed May 4, 2011; Government of Guam Answer was filed May 4, 2011; GEDA's Answer was filed July 29, 2011; GHC's Answer was filed August 2, 2011. GVB did not file an Answer, and instead filed a Motion to Dismiss on August 1, 2011. At the continued Scheduling Conference on August 3, 2011, the Court set hearing on GVB's Motion for September 29, 2011, and further set an Evidentiary Hearing on November 18, 2011. UOG and GEDA filed on August 11, 2011, respective joinders to GVB's Motion, and further each asserted a Motion for Judgment on the Pleadings. All remaining Respondents either filed supportive briefs or joined in the various Motions to Dismiss. On October 25, 2011, the Court issued an Order *sua sponte* cancelling the evidentiary hearing scheduled for November 18, 2011, and re-scheduling a hearing on all Motions to Dismiss for December 2, 2011.

DISCUSSION

## 1. **Adequate Remedy at Law / Exhaustion of Administrative Remedy.**

In a petition for a writ of mandate, "[t]he petitioner has the burden of showing that a writ should issue." *Guam Election Com'n v. Responsible Choices for all Adults Coalition*, 2007 Guam 20 ¶ 26. The issuance of a writ of mandamus is an extraordinary remedy employed in extreme cases, and "where there is not a plain, speedy, and adequate remedy in the ordinary course of law." 7 GCA § 31203 (2005). *A.B. Won Pat Guam Int'l Airport Auth. v. Moylan*, 2005 Guam 5 ¶ 10. The question of whether a party has exhausted administrative remedies is a threshold issue going to the power of the court to grant relief. *Homes v. TLUC*, 1998 Guam 8. "Mandamus will not be granted where the petitioner has failed to pursue the administrative remedies available to him. Where an administrative remedy has been provided by statute, this remedy must be exhausted before the courts will act." *Holmes*, 1998 Guam 8 ¶ 9 (quoted by *Limtiaco v. Guam Fire Department*, 2007 Guam 10 ¶ 27).

Further, "[m]andamus is appropriate only where there is a 'clear, present and ministerial duty to act.'" *Limtiaco*, 2007 Guam 10 ¶ 8 (quoting *Holmes*, 1998 Guam 8 ¶ 11). "One of the essential conditions for issuance of the writ is a showing on the part of the applicant that he has a clear legal right to the performance of the act the writ would compel." *McDaniel v. City & County of San Francisco*, 66 Cal. Rptr. 384, 386 (Cal. App. 1968).

The first issue, therefore, is whether, the Department of Administration (hereinafter "DOA") is under a clear, present and usually ministerial duty to compensate Gogo for merit bonus pay based on her "superior" rating. If the duty is discretional, then there is no right to relief under mandamus. *Limitiaco*, 2007 Guam 10 ¶ 10.

Section 6203 of the Act[3] provides as follows:

> Superior performance by a classified employee in Grades A through V shall be rewarded by a lump sum bonus based on an amount equivalent to 3.5% of the employee's based salary. The merit bonus shall be automatic upon a superior rating evaluation conducted for increment purposes. The

---

[3] Hereinafter referred to as "Merit Bonus Section."

merit bonus is in addition to the increment provided under § 6102 and is limited to the fiscal year in which superior performance is rendered.

The Merit Bonus Section provides for the rate and method of calculating a merit bonus award, sets forth the condition precedent to receiving a bonus award, and the course of events that trigger an award. A merit bonus award is automatically conferred upon an employee who has received a "superior" rating in the course of a regular incremental performance evaluation. 4 GCA § 6203. There is no discretion on the part of an agency in making the award—it is automatic. It is ministerial when management accepts the employee's "superior" rating in the course of regular performance and incremental evaluations. The Court does not conclude that funding and issuance of payment are also ministerial in nature because those types of acts often do involve decisions of a discretionary nature based on budget and availability of funding.

Although granting the merit bonus is ministerial in nature, the Court has to further determine whether Gogo has any adequate remedy at law to enforce her right to compensation of the merit award. In order to determine Gogo's available administrative remedies, the Court must determine the nature of her dispute. A complaint by a classified employee "(a)lleging that there has been a misrepresentation, misapplication or *violation of a personnel statute*, rule or regulation… ." DOA Personnel Rules & Regulations (hereinafter "DOA Rules") § 12.100(emphasis added). Employees are entitled to periodic salary increases that include pay adjustments from "statutory amendments to the grade schedule." DOA Rules § 6.301(c)(1). The Merit Bonus Section provides for a 3.5% pay increase to an employees pay grade upon an increment rating of "superior." Compensation, or failure to provide required compensation, based upon an employee's periodic increment is subject to the agency's grievance procedures.

Grievance disputes are appealed to the Civil Service Commission. DOA Rules § 12.900. Compensation disputes are also subject to review by the Civil Service Commission. DOA Rules Chapter 6 Statement of Policy. There was a period of time between January 2006 to March 15, 2010, where the authority of the Civil Service Commission was taken away by the Guam Legislature. It caused quite a flurry of law suits by employees seeking redress before the courts in the absence of adequate administrative remedies. *See e.g. Garrido v. Guam Police Dept.,*

SP102-10, at 4-5 (Feb. 20, 2012). The Guam Legislature restored the Civil Service Commission's power to hear grievance complaints of classified employees on March 15, 2010. 4 GCA § 4403(c). It is not clear to the Court whether Gogo filed her Petition with or without the knowledge of the restoration of the Civil Service Commission's full authority to hear grievances.

Assuming *arguendo* that Gogo followed DOA's grievance procedures and was denied her merit compensation, she fails to explain why she cannot file an appeal before Civil Service Commission and be successful. Surprisingly she argues the Civil Service Commission is an impediment to seeking judicial review by stating that even if the Civil Service Commission could review her case as a grievance appeal, the decision of the Civil Service Commission would be final and there would be no recourse to the Court. Pet.'s Mem. of Pts. & Authorities in Opp'n to Res. Karl A. Pangelinan's Mtn. for J. on the Pleadings (Nov. 18, 2011). This argument begs the question why she cannot obtain complete relief from the Civil Service Commission on the same statutory mandates she argues to this Court; implementation of the merit bonus statute. Gogo instead chooses to ignore the Civil Service Commission and attempts to have a ruling on the merits of her case in order to expand this mandate to an entire class of similarly situated employees.

Gogo admits that an evidentiary hearing is needed to present evidence of her multiple superior rating evaluations, and seeks such a hearing on mandamus. Pet.'s Response to the Ct.'s Req. for Evidentiary Briefs (Sep. 13, 2011). The evidentiary hearing, however, is one that should be held in the first instance before the Civil Service Commission. Were the Civil Service Commission to rule against Gogo, perhaps at that point mandamus would lie to compel an act which under law is ministerial in nature. *Limitaco*, 2007 Guam 10 ¶ 15. As Gogo has admitted she has not sought to address her compensation grievance with the Civil Service Commission, she has not exhausted her administrative remedies prior to seeking assistance of this Court.

Mandamus is not appropriate herein, and will not lie in this matter.

## 2. **Guam Rules of Civil Procedure Motion Practice Application**.

Gogo argues dispositive motions cannot be brought in mandamus, and that the only appropriate pleading is an answer to the writ. Pet.'s Mem. of Points & Auth. in Opp'n to Resp. Joanne Camacho's Mtn. to Dismiss Pet. for Peremptory Writ of Mandate (Sep. 15, 2011). UOG quite eloquently rebuts Gogo's contention in its Reply to Gogo's Opposition to GVB's Motion to Dismiss. *See* Robert A. Underwood's Reply Brief in Supp. of Mtn. to Dismiss for J. on the Pleadings (Sep. 22, 2011). This Court will not restate the analysis herein except to state that the Court fully concurs and adopts the arguments in UOG's well briefed Reply. GVB's Motion to Dismiss is a properly filed dispositive motion. Likewise, GEDA's and UOG's dispositive Motions for Judgment on the Pleading are proper motions based on the same analysis.

## 3. **Class Action Suit**.

Gogo seeks not only to remedy her claim, but also to further establish a class of members with similar claims and disputes. No authority has been cited by Gogo to this Court for use of mandamus as a procedural vehicle for permitting a Guam Rules of Civil Procedure Rule 23(a) class action. Gogo argues that she should be permitted to demonstrate the viability of the class at a later time after she has proven her mandamus action, and therefore, the case should not be dismissed on this ground. The Guam Supreme Court has mandated the application of the Guam Rules of Civil Procedure to *special proceeding* cases, Rule 1. Scope "These rules govern the procedure in all suits of a civil nature, including civil actions, domestic actions, special proceedings..." Despite this application it would appear to this Court that the stringent requirements for certification of a proper class would conflict with the extraordinary nature of mandamus, the requirement that mandamus not issue unless there is a clear ministerial duty to act, and that there be no plain, speedy or adequate remedy at law. Gogo would have this Court grant her mandamus claim, and then open the mandamus suit to all persons who have similar claims without the need to satisfy in each and every case the stringent and extraordinary conditions precedent to a mandamus action.

There has been no request at this time to certify a class. The only petitioner is Gogo in this mandamus action. She makes no claim against any agency except the Department of

Administration and her employer, the Bureau of Statistics and Planning. There is no ministerial duty owed to Gogo by any of the other Respondents. She has no standing to sue the remaining Respondents.

4. **UOG and GEDA Judgment on the Pleadings**.

UOG notes that Gogo did not specifically file an opposition to its motion for Judgment on the Pleadings. Nonetheless, UOG filed a Reply memorandum citing to the arguments Gogo proffered in opposition to GVB's Motion to Dismiss. UOG attacks this Petition on the same basis as GVB. In addition, UOG attacks the class action nature of the Petition because this is the only other basis upon which UOG has been brought into this suit.

GEDA argues that it is not bound by the Act. The Court disagrees with GEDA's interpretation. Additionally, GEDA argues exhaustion of administrative remedies.

Based on the same reasons stated in Parts 1 and 3 above, these Motions for Judgment on the Pleadings are granted.

## CONCLUSION

In conclusion, Gogo may seek remedy before the Civil Service Commission to enforce her right and entitlement to a 3.5% lump sum merit bonus award for her "superior" rating. Her award is automatic should she sustain her case by proof of her performance ratings at a hearing before the Civil Service Commission. However, for the reasons stated above, this Petition is **DISMISSED** as to Respondents GVB, UOG, and GEDA. Furthermore, this Court also Dismisses the Petition as to all other Respondents who have joined in these Motions to Dismiss.

SO ORDERED: MAR 2 8 2012 _____

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam.
Dated at Hagåtña, Guam

MAR 2 8 2012

Glenric J. Mendiola
Deputy Clerk, Superior Court of Guam

_____
HONORABLE ELIZABETH BARRETT-ANDERSON
Judge, Superior Court of Guam